

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-13-2002

# USA v. Richardson

Precedential or Non-Precedential: Precedential

Docket No. 01-1517

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Richardson" (2002). *2002 Decisions.* Paper 726.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/726

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

Filed November 13, 2002

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 01-1517

UNITED STATES OF AMERICA

v.

CECIL RICHARDSON,
a/k/a SYED RICHARDSON

Cecil Richardson,
        Appellant

ON APPEAL FROM THE
UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
D.C. Crim. No. 00-cr-00251
District Judge: The Honorable Stewart Dalzell

Argued: September 24, 2002

Before: BARRY, AMBRO, and COWEN, Circuit Judge s

(Opinion Filed: November 13, 2002)

David L. McColgin, Esquire (Argued)
Defender Association of Philadelphia
Federal Court Division
Curtis Center, Independence Square
 West
Suite 540 West
Philadelphia, PA 19106

Attorney for Appellant


Bernadette A. McKeon, Esquire
 (Argued)
Michael A. Schwartz, Esquire
Suite 1250
Office of United States Attorney
615 Chestnut Street
Philadelphia, PA 19106

Attorneys for Appellee

OPINION OF THE COURT

BARRY, Circuit Judge:

We are called upon to decide an issue which no court of
appeals, including our own, has yet discussed, much less

decided. Simply stated, the issue before us for decision is whether, when a juvenile adjudication is invoked to enhance a sentence under the Armed Career Criminal Act, the sentencing court is required to look only to the fact of conviction and the statutory definition of the prior offense -- the "categorical approach" -- or whether it may look to the conduct in which the juvenile engaged and make a factual determination that the juvenile committed-- or did not commit -- an offense which may be used for enhancement purposes. We conclude that the sentencing court must follow the categorical approach, and it did not do so here. Accordingly, although we will affirm the judgment of conviction, we will vacate the sentence imposed and remand for resentencing.

I.

On the evening of February 2, 2000, Philadelphia Police Officers Victor Davila and Gary McNeil were patrolling West Philadelphia in an unmarked car. Davila and McNeil observed two men standing on the corner of 59th and Walton Streets -- Mark Newman, a/k/a "Black," who the officers knew from the neighborhood, and a man whom the officers did not know but was later identified as appellant Cecil Richardson. Richardson, according to the officers, was holding a nine-millimeter pistol, showing it to Newman.

2

When the officers stopped their vehicle, Richardson threw the gun into a snowbank, and he and Newman ran north on 59th Street. Davila pursued Richardson and Newman on foot, while McNeil returned to the patrol car and radioed for assistance. Richardson was quickly apprehended. Davila then returned to the intersection of 59th and Walton Streets, accompanied by an officer who had responded to McNeil's call, and retrieved the gun from the snowbank where Richardson had discarded it.

Richardson was arrested and charged in the Eastern District of Pennsylvania with one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. S 922(g). He went to trial -- twice, the first trial having ended in a hung jury -- and was found guilty, the jury quite clearly rejecting his testimony that on the evening of February 2 it was Newman who was showing the firearm to him and he, Richardson, never touched it.

At sentencing, the District Court considered whether the Armed Career Criminal Act, 18 U.S.C. S 924(e) ("ACCA"), applied to enhance Richardson's sentence. The Court concluded that a 1994 juvenile adjudication for robbery and other offenses, along with two adult convictions for possessing crack cocaine with intent to distribute, satisfied section 924(e)'s requirement that the defendant be convicted of at least three prior violent felonies or serious drug offenses. As a result, Richardson faced a statutory mandatory minimum term of imprisonment of fifteen years with sentencing guidelines of 235-293 months. The District

Court sentenced Richardson to a term of 235 months. Absent an enhancement by virtue of the ACCA, Richardson's sentence would have been limited to the ten-year statutory maximum for possession of a firearm by a convicted felon, and his sentencing guideline range would have been 100-120 months. He timely appealed. We have jurisdiction under 18 U.S.C. S 3742(a) and 28 U.S.C. S 1291.1

---

1. Richardson raises numerous issues on appeal, all of which we have carefully considered. Only one, however, merits relief -- the sentencing issue. We thus reject Richardson's contentions that (1) the District Court should have granted a continuance of the trial when a defense witness did not appear; (2) Richardson's girlfriend and mother should have been

II.

The ACCA, as Richardson's case well illustrates, provides for dramatically increased penalties, including a mandatory minimum sentence of fifteen years, for violation of the felon-in-possession statute, 18 U.S.C. S 922(g), if the defendant has three prior convictions for a "violent felony" or a "serious drug offense." Section 924(e) provides in pertinent part:

> (1) In the case of a person who violates section 922(g) of this title and has three previous convictions . .. for a violent felony or a serious drug offense, or both . . . such person shall be fined not more than $25,000 and imprisoned not less than fifteen years . . . .

> (2) As used in this subsection --

> . . .

> (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that --

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involved conduct that presents a serious potential risk of physical injury to another; and

> (C) the term "conviction" includes a finding that a person has committed an act of juvenile delinquency involving a violent felony.

---

permitted to testify under Fed. R. Evid. 804(b)(3) to statements Newman

allegedly made to them; (3) the testimony of the firearm's owner was wrongly excluded under Fed. R. Evid. 401 and 403; (4) the District Court's instruction on joint possession should not have been given; and (5) 18 U.S.C. S 922(g) is unconstitutional.

4

18 U.S.C. S 924(e). Richardson does not dispute that his two adult convictions for drug possession qualify as predicate offenses under the ACCA. Neither does he dispute that if his 1994 juvenile adjudication involved a"violent felony," it, too, would qualify as a "conviction" for purposes of the ACCA. The only issue, then, is whether the District Court correctly concluded that Richardson's 1994 juvenile adjudication constituted a "violent felony" such that his sentence should be enhanced under the ACCA.

The juvenile adjudication at issue was for numerous offenses -- robbery, criminal conspiracy, theft by unlawful taking, receiving stolen property, simple assault, and possessing an instrument of crime.2 Defense counsel argued that this adjudication did not qualify as a"violent felony" under section 924(e)(2)(B) because it was unclear from the juvenile records whether a knife was actually used in the robbery, and for a juvenile offense to count as a predicate offense (or "violent felony"), the statute requires that a firearm, knife or destructive device have been used or carried. Counsel also argued that because juveniles in Pennsylvania do not have a right to a jury trial and because any finding of "violent felony" must be, but was not, found by a jury beyond a reasonable doubt, Apprendi error would be committed and Richardson's due process and Sixth Amendment rights would be violated were the ACCA to apply. See Apprendi v. New Jersey, 530 U.S. 466 (2000).

The District Court considered and rejected Richardson's objections, concluding that his juvenile adjudication qualified as a violent felony and that Apprendi did not require that this finding be made by a jury beyond a reasonable doubt. The Court found that although it could not be determined from the complaint or the Family Court records whether Richardson himself held a knife in the 1994 robbery, a knife had been involved and a "newly discovered police report" showed that it was held by Richardson's accomplice. Because, in the Court's view, the language of the statute was broad enough to encompass this factual scenario, the juvenile adjudication qualified as

_____

2. The relevant Pennsylvania criminal statutes are 18 Pa. Cons. Stat. Ann. SS 3701, 903, 3921, 3925, 2701 and 907, respectively.

5

a predicate under the ACCA. The Court acknowledged that it was making "what amount to factual findings about the circumstances of these past crimes, and this is particularly vexing in this case because the record from the juvenile

conviction is to a certain extent ambiguous on the matter."

Richardson, who argued facts to the District Court and, more particularly, the fact -- if fact it be -- that he did not use or carry a knife when he committed the 1994 offenses, now argues to us what he did not in so many words argue before, i.e. that by making factual findings concerning the circumstances of those offenses, the District Court failed to employ the "categorical approach" mandated by the Supreme Court -- and, in its wake, by this Court-- in determining whether a particular conviction falls within section 924(e). See Taylor v. United States, 495 U.S. 575, 602 (1990); United States v. Preston, 910 F.2d 81, 85 (3d Cir. 1990). As to this issue, our review is plenary. Preston, 910 F.2d at 84. Richardson argues, as well, that because the application of the ACCA increased the otherwise applicable statutory maximum sentence, the rule of Apprendi requires that the jury, not the judge, determine whether his juvenile adjudication was a "violent felony" for purposes of the ACCA and that, in any event, a juvenile adjudication without a jury trial cannot be used to enhance a sentence under the ACCA. Because we agree with Richardson as to the first issue, we need not reach his second. We do not therefore decide whether a juvenile adjudication can be characterized as a "prior conviction" under Apprendi and, thus, can be used to increase the penalty for a crime beyond the statutory maximum without being submitted to or found by a jury. Compare United States v. Smalley, 294 F.3d 1030 (8th Cir. 2002) (holding that juvenile adjudications are "prior convictions" within the meaning of Apprendi) with United States v. Tighe, 266 F.3d 1187 (9th Cir. 2001) (holding that juvenile adjudications are not "prior convictions" within the meaning of Apprendi).

In Taylor, the Supreme Court held that, in determining whether a defendant's prior conviction constitutes a violent felony under section 924(e)(2)(B), courts must employ a "categorical approach," which "requires the trial court to

6

look only to the fact of conviction and the statutory definition of the prior offense" as defined by state law and not to the conduct and circumstances underlying the conviction. Taylor, 495 U.S. at 602. The Court reasoned that the language of section 924(e) -- which refers to "previous convictions" as opposed to previous acts, and which defines a "violent felony" as a crime punishable by more than one year of imprisonment that "has as an element" the use or threatened use of force -- evidenced Congress's intent that the categorical approach be used. Id. at 600. The Court also noted the "daunting" practical difficulties and potential unfairness that requiring a sentencing court to engage in factfinding concerning a defendant's prior convictions would occasion:

> In all cases where the Government alleges that the defendant's actual conduct would fit the generic

definition of burglary, the trial court would have to determine what that conduct was. In some cases, the indictment or other charging paper might reveal the theory or theories of the case presented to the jury. In other cases, however, only the government's actual proof at trial would indicate whether the defendant's conduct constituted generic burglary. Would the Government be permitted to introduce the trial transcript before the sentencing court, or if no transcript is available, present the testimony of witnesses? Could the defense present witnesses of its own and argue that the jury might have returned a guilty verdict on some theory that did not require a finding that the defendant committed generic burglary? If the sentencing court were to conclude, from its own review of the record, that the defendant actually committed a generic burglary, could the defendant challenge this conclusion as abridging his right to a jury trial? Also, in cases where the defendant pleaded guilty, there often is no record of the underlying facts. Even if the Government were able to prove those facts, if a guilty plea to a lesser, nonburglary offense was the result of a plea bargain, it would seem unfair to impose a sentence enhancement as if the defendant had pleaded guilty to burglary.

7

Id. at 601-02. The Court held, however, that "in a narrow range of cases," where the elements of the statute under which the defendant was convicted encompassed non-violent as well as violent felonies, the sentencing court may consider the charging document or jury instructions, but only to determine whether the jury must necessarily have found the elements of a violent felony in order to convict the defendant. Id. at 602.

We strictly applied the categorical approach in United States v. Preston, noting that, even before Taylor, "[a]ll other federal appeals courts that have examined this issue have concluded that S 924(e) mandates looking at the fact of conviction and the statutory definitions of the prior offenses for which the defendant has been convicted, but not to the particular facts underlying those convictions." Preston, 910 F.2d at 85. In considering whether Preston's prior conviction for conspiracy to commit robbery constituted a "violent felony" for purposes of the ACCA, we stated that, "[w]hen necessary, a sentencing court may refer to the relevant indictment or information papers and the jury instructions in the prior conviction . . . [,] but the inquiry should not extend beyond these documents." Id. Thus, utilizing the categorical approach, we held that because Pennsylvania law requires that the elements of the crime that was the object of a criminal conspiracy be defined for the jury, a Pennsylvania conviction for conspiracy to commit robbery necessarily encompasses the elements of robbery itself, and is therefore a "violent felony" as defined by section 924(e)(2)(B)(ii). Id. at 86.

While the categorical approach prescribed by Taylor is simply stated and relatively easily applied when considering a defendant's prior adult convictions, it can become more difficult when a court must determine whether a juvenile adjudication comes within the ACCA. For one thing, although the categorical approach prohibits factual determinations concerning a defendant's prior convictions, an "act of juvenile delinquency" introduces an additional wrinkle, for it will only count as a violent felony if the offense involved "the use or carrying of a firearm, knife, or destructive device," 18 U.S.C. S 924(e)(2)(B), a seemingly paradigmatic factual determination. For another, the

documents that the Supreme Court and the various Courts of Appeals have held that a district court may consider in the context of an adult conviction -- the indictment or information, the jury charge, and/or plea agreements-- may be nonexistent where there has been an adjudication of juvenile delinquency given that, for starters, there is no right to trial by jury for juvenile offenses. That having been said, we can perceive no basis for saying that the reasons the Taylor Court found as warranting the categorical as opposed to the factual approach when considering an adult conviction are not equally persuasive when considering a juvenile adjudication. We note, however, that we are in uncharted waters because, in the context of juvenile adjudications and the ACCA, virtually nothing has been written by any court.

We briefly reprise how the District Court came to the conclusion that Richardson's 1994 juvenile adjudication should count as a "conviction" under the ACCA. Richardson was "adjudicated delinquent" by the Philadelphia Family Court for robbery, criminal conspiracy, theft by unlawful taking, theft by receiving stolen property, simple assault, and possessing an instrument of crime. While this is certainly a virtual laundry list of offenses, none of them requires "the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for [a term exceeding one year] if committed by an adult, that -- (i) has as element the use, attempted use, or threatened use of physical force against the person of another . . . ." 18 U.S.C. S 924(e)(2)(B).3 Accordingly, the District Court considered the juvenile complaint filed in Family Court, which stated:

> [Wh]ile at Overbrook H.S. . . . the deft. in concert with [an]other/others did forcibly take from the complainant, Dawud Harrigan, his property, to wit; the

---

3. While a conviction under the possession of an instrument of crime statute can be based on possession of a weapon, it can also be based on possession of any tool that is used to commit a crime. Possession of a firearm, knife or other destructive device need not, therefore, necessarily be proved by the government in order to obtain a conviction under this statute.

> defendant demanded money from complainant, and
> then [at] point of knife did go through the
> complainant's pocket and did take [$4]0 U.S.C.

868a.

Initially, the government argued that the juvenile complaint proved that Richardson himself had held a knife in the course of the robbery. The government retreated from this position -- and from the categorical approach-- when the District Court went on to consider the police report, which stated that the knife allegedly used in the robbery was held not by Richardson, but by a co-conspirator. While conceding that Richardson did not himself use the knife, the government argued that the fact that a co-conspirator did so was enough. The District Court agreed. Relying on the juvenile complaint and the police report, the Court held that even though the latter stated that Richardson himself had not held or possessed the knife, his participation in a robbery where his co-conspirator used a knife constituted a "violent felony . . . involving the use or carrying of a firearm, knife, or destructive device" as required by 18 U.S.C. S 924(e)(2)(B).

There is no real dispute that the District Court did not comply with the categorical approach mandated by Taylor; indeed, neither side urged the categorical approach on the Court and both sides urged only their version of the facts. Had the Court applied the categorical approach, however, all it would have had to do would be to review the Pennsylvania criminal statutes underlying the juvenile adjudication, which review would have left no doubt that none of the offenses which Richardson was found to have committed had as a necessary element "the use or carrying of a firearm, knife, or destructive device" required for a juvenile adjudication to count as a predicate offense under the ACCA. That, in our view, would have been game, set, and match.

But even if, under Taylor's refinement for the "narrow range of cases," the District Court would be permitted to make a limited examination beyond the fact of the juvenile adjudication and the relevant criminal statutes to the charging document itself, error was committed.4 First, the

_____

4. We need not decide whether, as the Ninth Circuit seems to have decided, Taylor's refinement of the categorical approach is restricted to

Court failed to recognize that Taylor only allowed consideration of the charging document to show "that the jury necessarily had to find" the elements of a "violent felony" as defined by section 924(e) in order to convict the

defendant. Taylor, 495 U.S. at 602 (emphasis added). Clearly, in a return to our "game, set, and match" conclusion, an enhancement cannot be based solely on an allegation in the charging document when the conviction for the charged offense or offenses could have been obtained without that allegation having been proved. Here, the finder of fact in Richardson's juvenile adjudication (presumably a family court judge) did not "necessarily" have to find that the 1994 robbery at Overbrook High School involved a knife in order to find that Richardson committed the robbery and his other assorted offenses because, as we have said, none of those offenses has as a necessary element the use of a knife -- or firearm or destructive device. Stated differently, there could have been an adjudication of delinquency for the same offenses without any evidence of a knife. And, of course, the District Court also erred not only by engaging in factfinding but by finding as a fact that a knife had been involved, thus at least implicitly finding that the charging document was correct, despite the absence of any transcript of the family court hearing or other documents which, even if they could be considered, proved that a knife was actually and necessarily involved.

III.

The daunting practical difficulties and the due process and Sixth Amendment concerns that surface when a sentencing court makes factual determinations concerning a defendant's prior convictions highlight the necessity of strict adherence to the categorical approach prescribed by Taylor. Because it cannot be said that the finder of fact necessarily found that in 1994 a "violent felony" was committed by Richardson, nor can it be said that Richardson himself admitted on the record or that it was

---

burglary cases. See United States v. Parker, 5 F.3d 1322, 1326 (9th Cir. 1993).

11

otherwise unequivocally established that he had committed a violent felony, his juvenile adjudication cannot be used to enhance his sentence under the ACCA. We, therefore, will vacate Richardson's sentence and remand for resentencing.5

A True Copy:
Teste:

        Clerk of the United States Court of Appeals
        for the Third Circuit

---

5. The Court noted in Taylor that if an enhancement is not available under section 924(e), evidence of the defendant's actual prior criminal conduct may be presented by the government to increase his sentence for the section 922(g)(1) violation under the sentencing guidelines. 495 U.S. at 602 n.10. We, of course, express no opinion as to whether the

government could or should do so here, although we cannot help but observe that it is anything but clear what Richardson's "actual prior criminal conduct" was in connection with the juvenile adjudication.

12