UNITED STATES of America,

v.

Andrew REYES, a/k/a Popeye,
Appellant.

No. 02–1680.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit LAR
34.1(a) Dec. 10, 2002.

Decided Dec. 16, 2002.

Before FUENTES, GARTH, Circuit
Judges, and WALLACH, Judge.[1]

OPINION

GARTH, Circuit Judge.

Appellant Andrew Reyes appeals the
district court's judgment of sentence. The
district court had ordered an upward de-
parture from the Sentencing Guidelines
pursuant to his career offender status un-
der U.S.S.G. § 4B1.1[2] and had refused to
grant a downward departure. Reyes chal-
lenged both rulings.

We will affirm.

I.

Because we write solely for the benefit
of the parties, we recount the facts and
procedural history of the case only as they
are relevant to the following discussion.

On July 13, 2000, Reyes told an under-
cover FBI officer that he had heroin for
sale and seven days later sold the officer

1. The Honorable Evan J. Wallach, United
States Court of International Trade, sitting by
designation.

2. The 2000 edition of the Guidelines Manual
has been used in this case.

what Reyes represented to be 50 bags of heroin. On July 27, 2000, a federal grand jury returned an indictment charging Reyes with one count for violation of 21 U.S.C. § 841(a)(1) and § 846, conspiracy to distribute heroin (Count I); and one count for violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1) involving, the distribution and possession of heroin with an intent to distribute (Count II).

On September 19, 2000, Reyes pled "guilty" before the district court to Count I, in exchange for the Government's agreement to dismiss Count II, pursuant to a plea agreement.

The district court held a sentencing hearing on March 5, 2002. Among other things, it determined that Reyes' two prior convictions, a May 9, 1997 New Jersey state court conviction for eluding a law enforcement officer in the second degree, and a May 12, 2000 New Jersey state court conviction for conspiracy to violate narcotics laws, were sufficient to qualify Reyes for career offender status under U.S.S.G. § 4B1.1.

The Guidelines provide for a base offense level of 12 for violation of 21 U.S.C. § 841(a)(1) and § 846. Based on a 2 level downward departure for acceptance of responsibility, pursuant to § 3E1.1(a), the range of incarceration in Criminal Category V would have been 21 to 27 months. The district court found, however, that an upward departure was warranted under § 4B1.1, pursuant to which Reyes had a base offense level of 32, because Reyes had at least two prior convictions for a "crime of violence" as defined in § 4B1.2. Based on an additional 1 level downward adjustment for acceptance of responsibility, pursuant to § 3E1.1(b), to offense level 29, the range of incarceration in Criminal Catego-

ry VI was 151 to 188 months. The district court also determined that it would not exercise its discretion to order a downward departure from the Sentencing Guidelines. Accordingly, the district court sentenced Reyes to a 151–month term of incarceration,[3] under 21 U.S.C. § 841(a)(1) and § 846, followed by 5 years supervised release, and a $100 special assessment.

Reyes objected to the upward departure and the district court's refusal to grant a downward departure. At sentencing, the district court overruled his objections. In denying Reyes' objection to the upward departure, the district court stated that it was clear that Reyes' 1997 New Jersey state conviction for second degree eluding of a police officer, N.J.S.A. 2C:29–2b, was a "crime of violence" as defined in U.S.S.G. § 4B1.2. The district court stated further that there was no confusion about the 1997 charge-Reyes pled guilty to second degree eluding and in exchange for the plea, was sentenced as a third-degree offender. In denying Reyes' objection to a downward departure, the district court expressly acknowledged its authority to depart downward but declined to do so.

This timely appeal followed.

## II.

We have jurisdiction to hear Reyes' appeal of the application of U.S.S.G. § 4B1.1 pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291. We exercise plenary review over a district court's construction of the Sentencing Guidelines. *United States v. McQuilkin*, 97 F.3d 723, 727 (3d Cir. 1996). The proper construction of the term "crime of violence" is a question of law and thus our review is plenary. *Id.*

---

**3.** The statutory maximum of imprisonment under 21 U.S.C. § 841(a)(1) and § 846 is 20 years.

Reyes has two arguments on appeal. First, he claims that the district court erred in imposing a 19 level upward departure, based on U.S.S.G. § 4B1.1. Second, he contends that because his criminal history is overstated, the district court should have granted him a downward departure.

### A.

Section 4B1.1 of the Sentencing Guidelines provides, in relevant part, that "A defendant is a career offender if ... the defendant has at least two prior felony convictions of ... a crime of violence...." Section 4B1.2 defines a "crime of violence," in relevant part, as:

(a) ... any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that-

(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

(2) ... involves conduct that presents a serious potential risk of physical injury to another.

Reyes argues that the district court erred in imposing a 19 level upward departure under U.S.S.G. § 4B1.1 because he does not have a second felony conviction for a crime of violence. He claims that his May 9, 1997 conviction for eluding a police officer is not a crime of violence under § 4B1.2. Alternatively, Reyes maintains that although the judgment of conviction for his May 1997 crime states that it is second degree eluding, he was in fact convicted of third degree eluding because the sentence he received was below the sentencing range for second degree eluding. Thus, he claims, because third degree

eluding is not a crime of violence, he cannot be a career offender.[4]

Reyes' arguments are without merit. The Supreme Court has stated that when determining whether a prior conviction constitutes a "crime of violence," the sentencing court needs "to look only to the fact of conviction and the statutory definition of the prior offense" when the identity of the statute of conviction is clear from the judgment of conviction. *Taylor v. United States*, 495 U.S. 575, 602, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990) (adopting the categorical approach in determining whether a crime was a "crime of violence" under the Armed Career Criminal Act, 18 U.S.C. § 924(e)); *accord, United States v. Richardson*, 313 F.3d 121, 123–24 (3d Cir. 2002) (when juvenile adjudication is invoked). We have stated that when a sentencing court determines whether a prior crime meets the test of § 4B1.2, it should begin with the language of the statute and if that is clear, it should not look beyond the statute's text to the actual conduct. *United States v. Shabazz*, 233 F.3d 730, 732 (3d Cir.2000); *see, e.g., United States v. Hernandez*, 218 F.3d 272, 279 (3d Cir. 2000) (holding that where accuracy of a Certificate of Disposition for that conviction is "seriously called into question," the sentencing court may look to plea colloquy in state court to resolve ambiguity).

Here, the judgment of conviction clearly states that Reyes' May 1997 conviction was for "eluding a police officer," a "2nd degree" offense, in violation of N.J.S.A. 2C:29–2b. The statutory language of N.J.S.A. 2C:29–2b defines this offense as a crime of violence. It provides, in pertinent part:

---

4. N.J.S.A. 2C:29–2b, third degree eluding, provides, in pertinent part: "Any person, while operating a motor vehicle on any street or highway in this State, who knowingly flees or attempts to elude any police or law en-forcement officer after having received any signal from such officer to bring the vehicle to a full stop commits a crime of the third degree."

Any person, while operating a motor vehicle on any street or highway in this State, who knowingly flees or attempts to elude any police or law enforcement officer after having received any signal from such officer to bring the vehicle to a full stop commits a crime of the third degree; except that, a person is guilty of a crime of the second degree if the flight or attempt to elude creates a risk of death or injury to any person.

The New Jersey Supreme Court has confirmed that this offense is a crime of violence. *See State v. Wallace*, 158 N.J. 552, 560, 730 A.2d 839, 841 (1999) (second degree eluding, N.J.S.A. 2C:29–2b, was "designed to punish those who elude the police and ... whose unlawful conduct creates a possibility of injury to others.")

■ Reyes' contention that he was actually convicted for third degree eluding, which is not a crime of violence, is also unpersuasive. The statements Reyes made at both the state court colloquy for the eluding conviction and at the sentencing hearing from which the instant appeal arises, confirm that he pled guilty to second degree eluding, a crime of violence. During sentencing in state court, Reyes' counsel explained that although Reyes was pleading to second degree eluding, as part of the plea bargain he accepted, he would be sentenced for third degree eluding. Accordingly, the district court correctly determined Reyes' sentence based on an upward departure under U.S.S.G. § 4B1.1.

### B.

■ We do not have jurisdiction to examine a district court's discretionary decision to make a downward departure from the Sentencing Guidelines. *See United States v. Denardi*, 892 F.2d 269, 272 (3d Cir.1989). Here, the district court stated that it recognized its discretion to depart downward during the sentencing hearing, but elected not to exercise it.

### III.

We will affirm the district court's judgment of sentence.