# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1256

_____

United States of America,             *

                      *

        Appellee,        *

                      *  Appeal from the United States

     v.                 *  District Court for the

                      *  Western District of Missouri.

Russell D. Kirkland,        *

                      *

        Appellant.      *

_____

Submitted: May 15, 2006
Filed: June 16, 2006

_____

Before WOLLMAN, BRIGHT, and RILEY, Circuit Judges.

_____

RILEY, Circuit Judge.

Russell D. Kirkland (Kirkland) appeals the district court's[1] decision to sentence him as an armed career criminal pursuant to the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1).  We affirm.

## I.    BACKGROUND

Kirkland pled guilty to being a felon in possession of a firearm.  At sentencing, the district court enhanced Kirkland's sentence pursuant to application of the ACCA,

---

[1]The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

based on Kirkland's two adult violent felony convictions and one juvenile adjudication in 1975. Based on Kirkland's criminal history category of VI and total offense level of 31 following application of the ACCA enhancement, the recommended Guidelines sentence range was 188 to 235 months' imprisonment. The district court sentenced Kirkland to 180 months' imprisonment, the statutory minimum. See id.

Kirkland appeals his sentence, arguing his case should be remanded for a determination whether he received due process for his juvenile adjudication. Kirkland also argues the district court erred in including his juvenile adjudication as a third violent felony conviction for purposes of the ACCA, because the documents evidencing the juvenile adjudication do not mention any Missouri criminal statute upon which the adjudication was based.

## II.   DISCUSSION

### A.   Due Process Safeguards

Kirkland first argues there were insufficient due process safeguards in the Missouri juvenile system such that Kirkland's juvenile adjudication may not be characterized as a prior conviction for ACCA purposes. This argument fails. In United States v. Smalley, 294 F.3d 1030, 1033 (8th Cir. 2002), we held the Missouri juvenile system contains reliable due process safeguards, thus "juvenile adjudications can rightly be characterized as 'prior convictions' for Apprendi[2] purposes." Regarding Kirkland's specific case, he offers no evidence he was not afforded due process protections. Recognizing it is Kirkland's burden to show his conviction was constitutionally infirm, his argument must fail. See United States v. Levering, 431 F.3d 289, 294 (8th Cir. 2005), petition for cert. filed, 2006 WL 1179844 (U.S. June 5, 2006) (No. 05-10735) (holding the government first must prove "the conviction,

_____

[2]Apprendi v. New Jersey, 530 U.S. 466 (2000).

and then the defendant must show that the conviction was constitutionally infirm" (citation omitted)).

### B.    ACCA Sentencing Enhancement

We review de novo the district court's finding that a prior offense constitutes a violent felony under the ACCA.  See United States v. Johnson, 417 F.3d 990, 995 (8th Cir. 2005).

The ACCA provides a sentence enhancement for individuals who have at least three prior convictions for a "violent felony." 18 U.S.C. § 924(e)(1).  The ACCA defines a "violent felony" and "conviction" in relevant part as:

> (B) . . . any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that–
>
> > (i) has as an element the use, attempted use, or threatened use of physical force against the person of another;
> >
> > . . . .
>
> (C) the term "conviction" includes a finding that a person has committed an act of juvenile delinquency involving a violent felony.

Id. § 924(e)(2).

The district court based its finding that Kirkland's juvenile adjudication constituted a violent felony under the ACCA on records from the Missouri Circuit Court for Juvenile and Domestic Relations.  These records included a petition against Kirkland and the following finding by the state court:

Kirkland did unlawfully assault Litton Worthington with a dangerous and deadly weapon, a blue steel revolver, with the intention to commit an act that would be a felony if the child were an adult and did steal and rob from the victim property of a value of, an undetermined amount of US currency and coins, against the victim's will, by force and by putting the victim in fear of immediate injury to his person.

Kirkland argues the district court erred in relying on these documents to find his juvenile adjudication constituted a violent felony under the ACCA because the documents do not mention the statute Kirkland violated, let alone the elements of the statute. Kirkland submits that a determination whether a prior offense is a violent felony under the ACCA based on the categorical approach described in Shepard v. United States, 544 U.S. 13 (2005), and Taylor v. United States, 495 U.S. 575 (1990), must begin with the elements of an offense.

In Taylor, the Supreme Court considered whether a defendant's prior conviction constitutes a violent felony under the ACCA, and held courts must employ a "categorical approach," which "generally requires the trial court to look only to the fact of conviction and the statutory definition of the prior offense," as defined by state law and not to the conduct and circumstances underlying the conviction. Taylor, 495 U.S. at 600-02. Because some statutes are overinclusive and may or may not meet the ACCA's prohibitions, the categorical approach permits the sentencing court "to 'go beyond the mere fact of conviction'–and to determine, by using other sources, whether the defendant's prior crime was in the *subset* of the statutory crime" penalized by the ACCA. Shepard, 544 U.S. at 30 (quoting Taylor, 495 U.S. at 602).

Taylor and Shepard addressed whether nongeneric burglary statutes necessarily involved elements of the generic burglary offense found in ACCA § 924(e)(2)(B)(ii). This court subsequently applied the categorical approach to the ACCA's "otherwise involves" provision found in the same subsection. See, e.g., United States v. McCall, 439 F.3d 967 (8th Cir. 2006) (en banc). While no Supreme Court or Eighth Circuit

-4-

case has applied the categorical approach to juvenile adjudications penalized under the ACCA's "use of physical force" subsection, § 924(e)(2)(B)(i), it is clear from the burglary and "otherwise involves" applications that the categorical approach should also be used in examining the offense elements of a prior juvenile conviction. See United States v. Richardson, 313 F.3d 121, 126, 128 (3d Cir. 2002) (applying categorical approach to juvenile adjudication).

Thus, in the case of an "act of juvenile delinquency," after the sentencing court determines whether the prior act "involv[ed] the use or carrying of a firearm, knife, or destructive device," the court should then determine whether the criminal statute underlying the prior offense, that would be a felony if committed by an adult, "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i); cf. Richardson, 313 F.3d at 127.

In Kirkland's case, the district court correctly found Kirkland's assault and robbery with a revolver "involve[d] the use . . . of a firearm." Applying the categorical approach, the district court then should have determined whether the criminal statute underlying Kirkland's prior offense had "as an element the use, attempted use, or threatened use of physical force against the person of another." The district court failed to do so, but we find this error harmless. See Fed. R. Crim. P. 52(a). One can easily infer from the Missouri criminal code in force at the time of Kirkland's prior act that Kirkland's conduct constituted first degree robbery:

> Every person who shall be convicted of feloniously taking the property of another from his person, or in his presence, and against his will, by violence to his person, or by putting him in fear of some immediate injury to his person . . . shall be adjudged guilty of robbery in the first degree.

Mo. Rev. Stat. § 560.120 (1974) (repealed 1979). This offense "has as an element the use, attempted use, or threatened use of physical force against the person of another."

Kirkland's prior act of juvenile delinquency involved the use of a firearm which, in the case of an adult, would have been punishable as first degree armed robbery "for a term exceeding one year," see Mo. Rev. Stat. § 560.135 (1974) ("Every person convicted of robbery in the first degree by means of a dangerous and deadly weapon shall suffer death, or be punished by imprisonment in the penitentiary for not less than five years.") (repealed 1979); and had "as an element the use, attempted use, or threatened use of physical force against the person of another." Thus, we hold Kirkland's prior act of juvenile delinquency constitutes a "violent felony" under the ACCA, and the district court correctly applied the ACCA to enhance Kirkland's sentence.

## III.  CONCLUSION

We affirm Kirkland's sentence.

_____