**NOT PRECEDENTIAL**

UNITED STATES COURTS OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 08-4310

———————

UNITED STATES OF AMERICA

v.

CHARLES HINES,

Appellant

———————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D. C. No. 2-08-cr-00013-001)
District Judge:  Hon. Eduardo C. Robreno

———————

Submitted on Third Circuit LAR 34.1(a)
on October 2, 2009

Before:  AMBRO, GARTH and ROTH, Circuit Judges

(Opinion filed :  May 6, 2010)

———————

O P I N I O N

———————

**ROTH,** Circuit Judge:

Charles Hines pled guilty to violating 18 U.S.C. § 922(g)(1) (convicted felon in

possession of firearm).  Hines was sentenced to 188 months' imprisonment, a five year

period of supervised release, a $1,000 fine, and a $100 special assessment. He filed this timely appeal and argues the District Court erred by breaching the terms of a written guilty plea agreement. We will affirm the judgment of conviction and sentence.

## I. Background and Procedural History

Hines executed a written guilty plea agreement stating, *inter alia*, that the court may impose a statutory maximum sentence of 10 years' imprisonment and that he retains the right to appeal a sentence exceeding the statutory maximum. The District Court accepted Hines's guilty plea. In preparation for sentencing, the United States Probation Office submitted a Presentence Investigation Report revealing - apparently for the first time in federal court - that Hines's criminal history included four separate state court convictions for possession of a controlled substance with intent to distribute. The Probation Office stated that, under the Armed Career Criminal Act, 18 U.S.C. § 924(e), Hines was a career criminal because he had at least three prior convictions for a "serious drug offense." Hines's status as a career criminal rendered him subject to a mandatory minimum sentence of 15 years' imprisonment.[1]

At a May 22, 2008 hearing, upon learning of Hines's state court criminal history, the District Court ordered the parties to explain the discrepancy between the 10-year maximum sentence representation in the guilty plea agreement and the 15-year mandatory

---

[1] 18 U.S.C. § 924(e)(1) provides, in relevant part: "In the case of a person who violates section 922(g) of this title and has three prior convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years . . . ."

2

minimum sentence under the Armed Career Criminal Act. The government stated it was not aware of Hines's criminal history at the time it executed the guilty plea agreement, however, it would honor its promise under the agreement and recommend a sentence of 10 years' imprisonment. The District Court postponed sentencing.

At a July 25, 2008 hearing, defense counsel revealed that Hines knew of his career criminal status when he executed the guilty plea agreement. Hines argued that, because he agreed to waive certain appellate rights[2] in return for a maximum sentence of 10 years' imprisonment, the court was "stuck" with the terms of the agreement. (App. 71-72.) The District Court disagreed; the court advised Hines that he could withdraw his guilty plea because of the erroneous sentencing representation, but if he chose not to withdraw his plea, he would receive at least the mandatory minimum sentence of 15 years' imprisonment. The District Court postponed sentencing to allow Hines time to discuss his options with counsel and family.

At an October 14, 2008 hearing, the District Court again advised Hines of his right to withdraw his guilty plea. Hines refused. The District Court imposed a sentence of 188 months' imprisonment.

On appeal, Hines argues he was entitled to specific performance of the plea agreement and the District Court erred by imposing a sentence greater than the plea agreement's erroneous representation of a 10-year maximum term of imprisonment.

---

[2] Hines did not waive the right to appeal a sentence exceeding 10 years' imprisonment.

3

## II. Discussion

The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). Our review is plenary. *United States v. Richardson*, 313 F.3d 121, 125 (3d Cir. 2002).

Federal Rule of Criminal Procedure 11(b)(2) requires that a guilty plea represent a voluntary and intelligent waiver of the right to a criminal trial. When a guilty plea agreement contains misinformation about a possible deprivation of liberty, the court must evaluate the validity of the defendant's waiver of constitutional guarantees. *See United States v. Powell*, 269 F.3d 175, 185 (3d Cir. 2001) (misinformation about period of supervised release was harmless error). Under Rule 11(h), an error will be regarded as harmless "only if the government can establish that the error is unlikely to have affected a defendant's willingness to waive his or her rights and enter a plea of guilty." *Powell*, 269 F.3d at 185.

The government has met its burden of establishing harmless error because (1) Hines knew of his status as a career criminal when he executed the guilty plea agreement, and (2) Hines refused to withdraw his guilty plea after being advised of the mandatory minimum sentence and receiving adequate time to consider his options.

## III. Conclusion

For the reasons set forth above, we will affirm the judgment of the District Court.

4