# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-40334

United States Court of Appeals
Fifth Circuit

**FILED**
April 30, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

     Plaintiff - Appellee

v.

ADAM ALFREDO FLORES, also known as Adam Flores,

     Defendant - Appellant

Appeals from the United States District Court
for the Southern District of Texas

Before HAYNES, GRAVES, and HO, Circuit Judges.

PER CURIAM:

Defendant Adam Alfredo Flores appeals the district court's determination that he was subject to an enhanced mandatory minimum sentence of fifteen years under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). Flores also appeals his base offense level calculation under U.S.S.G. § 2K2.1. We VACATE the sentence and REMAND for a resentencing.[1]

---

[1] Flores does not challenge his conviction, which remains in place.

No. 18-40334

## I.    Background

In February 2018, Flores pleaded guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  The following criminal history is relevant to calculating his sentencing guideline range.  In 1996, at age 15, Flores was adjudicated a juvenile delinquent for aggravated assault with a firearm and sentenced to incarceration with the Texas Youth Commission.  On February 12, 2003, Flores pleaded guilty in Texas state court to aggravated robbery and aggravated assault causing bodily injury stemming from an incident on May 6, 2002 (Cause No. 02-CR-2120-D).  That same day, Flores also pleaded guilty to aggravated assault with a deadly weapon stemming from an incident that occurred on July 14, 2002 (Cause No. 02-CR-3450-D).

Because Flores violated 18 U.S.C. § 922(g)(1) and had at least two prior felony convictions for a crime of violence, Flores's base offense level was 24.  *See* U.S.S.G § 2K2.1.  The presentence report (PSR) determined, however, that Flores's two adult convictions and juvenile conviction subjected him to a statutory ACCA enhancement as an armed career criminal because Flores had three prior convictions for "violent felonies," raising his base offense level to 33.  *See* U.S.S.G § 4B1.4.  Considering his three-level reduction for acceptance of responsibility and criminal history category V, the total offense level of 30 resulted in a guideline range of 151 to 188 months.  Because the mandatory minimum sentence for an armed career criminal under ACCA is fifteen years in prison, his guideline range increased to 180–188 months.  Flores raised two objections to the PSR.  First, he argued he was not subject to the ACCA mandatory minimum and an enhanced guideline level.  Second, he argued his unenhanced base offense level under U.S.S.G § 2K2.1 was incorrectly calculated.  The district court overruled Flores's objections, agreed with the

No. 18-40334

PSR, and sentenced Flores to 180 months in prison. Flores filed a timely appeal and makes the same arguments he made in the district court.

## II.  Discussion

A. *ACCA Enhancement*

Flores first argues his juvenile adjudication for Texas aggravated assault is not a "violent felony" for the purposes of an ACCA sentence enhancement.[2] We review the district court's determination that a prior conviction qualifies as a "violent felony" under ACCA de novo. *United States v. Massey*, 858 F.3d 380, 382 (5th Cir. 2017).

A defendant convicted of violating 18 U.S.C. § 922(g)(1) is subject to a *maximum* of ten years in prison. *See* 18 U.S.C. § 924(a)(2). Under ACCA, however, the penalty is increased to a *minimum* of fifteen years if the defendant has "three previous convictions . . . for a violent felony." 18 U.S.C. § 924(e)(1). A "violent felony" is defined as

> any crime punishable by imprisonment for a term exceeding one year, or any act of *juvenile delinquency* involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B) (emphasis added). Thus, a juvenile adjudication may qualify as an ACCA predicate offense only if it meets the requirements of subsection (i) or (ii) *and* involves the use or carrying of a knife, firearm, or destructive device.

---

[2] Flores also argues his juvenile adjudication suffered from various procedural defects. This argument is foreclosed as an unauthorized collateral attack of a prior conviction in a federal sentencing proceeding. *See Custis v. United States*, 511 U.S. 485, 487 (1994).

No. 18-40334

To determine whether a prior conviction qualifies as a violent felony under ACCA, we traditionally apply the "categorical approach." *Descamps v. United States*, 570 U.S. 254, 257 (2013). This approach "examine[s] the elements of the offense, rather than the facts underlying the conviction or the defendant's actual conduct, to determine whether the enhancement applies." *United States v. Rodriguez-Negrete*, 772 F.3d 221, 225 (5th Cir. 2014) (quoting *United States v. Teran-Salas*, 767 F.3d 453, 458 (5th Cir. 2014)). If "the elements of the statute forming the basis of the defendant's conviction . . . are the same as, or narrower than, those of the generic offense[,]" then there is a categorical match and the enhancement is proper. *Descamps*, 570 U.S. at 257. Conversely, a state crime cannot qualify as an ACCA predicate if its elements are broader than those of a listed generic offense. *Mathis v. United States*, 136 S. Ct. 2243, 2251 (2016).

We have followed Supreme Court precedent by applying the categorical approach to determine whether a prior adult conviction qualifies as a predicate ACCA offense,[3] but neither the Supreme Court nor our court has yet addressed whether the categorical approach applies to juvenile adjudications "involv[ing] the use or carrying of a firearm, knife, or destructive device" for ACCA enhancement purposes. The Supreme Court has consistently and clearly applied the categorical (or modified categorical) approach in all manner of cases where determination of a prior conviction's status is necessary. Its reasons for applying the categorical approach to adult convictions appear to apply equally to juvenile adjudications: ACCA's "text and history"; the "Sixth Amendment concerns that would arise from sentencing courts making findings of fact that properly belong to juries"; and "the practical difficulties and

---

[3] *See, e.g.*, *United States v. Espinoza*, 733 F.3d 568, 571 (5th Cir. 2013).

No. 18-40334

potential unfairness of a factual approach." *Descamps*, 570 U.S. at 267 (quoting, in part, *Taylor v. United States*, 495 U.S. 575, 600 (1990)). Indeed, our sister circuits have consistently held the categorical approach applies in this circumstance, with no circuit holding to the contrary.[4] We can discern no basis to treat determination of the nature of juvenile adjudications differently than adult convictions. Thus, we conclude we must apply the categorical approach here.

Using that approach, Flores argues that his juvenile adjudication based on Texas aggravated assault did not categorically involve the use of a knife, a gun, or a destructive device, and thus cannot be a predicate ACCA offense. The United States concedes Flores is correct.[5]

Flores was adjudicated as a juvenile delinquent based on aggravated assault under Texas law, which penalizes a person who commits an assault that "(1) causes serious bodily injury to another, including the person's spouse; or (2) uses or exhibits a deadly weapon during the commission of the assault." TEX. PENAL CODE § 22.02(a). For a juvenile adjudication to constitute a predicate offense for an ACCA enhancement, it must "involv[e] the use or carrying of a firearm, knife, or destructive device." *See* 18 U.S.C. § 924(e)(2)(B).[6]

---

[4] *See United States v. Headbird*, 832 F.3d 844, 846 (8th Cir. 2016); *United States v. Bankhead*, 746 F.3d 323, 325 (8th Cir. 2014); *United States v. Nevels*, 490 F.3d 800, 808–09 (10th Cir. 2007); *United States v. Rosa*, 507 F.3d 142, 157–59 (2d Cir. 2007); *United States v. Wells*, 473 F.3d 640, 645–46 (6th Cir. 2007); *United States v. Burge*, 407 F.3d 1183, 1187 (11th Cir. 2005); *United States v. Richardson*, 313 F.3d 121, 126–28 (3d Cir. 2002).

[5] We are not bound by the Government's concessions, of course, but we note that it would be time-saving and sensible if the Government would examine such concepts before appearing in the district court so that the district court has the benefit of hearing such concessions.

[6] A "destructive device" is defined as any "explosive, incendiary, or poison gas—bomb, grenade, rocket having a propellant charge of more than four ounces, missile having an

5

No. 18-40334

The elements of Flores's crime, Texas aggravated assault, covers "a greater swath of conduct than the elements of the relevant ACCA offense." *Mathis*, 136 S. Ct. at 2251. With respect to the first prong of Texas aggravated assault, causing serious bodily injury does not categorically require the use or carrying of a knife, firearm, or destructive device. As for the second prong, a deadly weapon under Texas law is defined as "(A) a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury; or (B) anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." TEX. PENAL CODE §1.07(a)(17). A deadly weapon under Texas law "could be anything," including a hand or foot. *See Lane v. State*, 151 S.W.3d 188, 191 & n.5 (Tex. Crim. App. 2004). Both prongs of Texas aggravated assault are broader and cover "a greater swath of conduct" than the relevant ACCA offense for juvenile offenses. *Mathis*, 136 S. Ct. at 2251. Thus, aggravated assault under Texas law does not categorically require the use or carrying of a knife, firearm, or destructive device, and cannot qualify as a predicate offense under ACCA for juvenile adjudications.[7] Accordingly, we must vacate the sentence and remand for a resentencing.

B. *Base Offense Level Calculation*

Flores also claims the district court erred when it determined his base offense level was 24 under U.S.S.G § 2K2.1. Although we are remanding for a

---

explosive or incendiary charge of more than one-quarter once, mine[s]" or any combination of these devices or devices like them. *See* 18 U.S.C. § 921(a)(4).

[7] This result highlights the difficulties caused by the categorical approach—it is undisputed that Flores's juvenile adjudication stems from an aggravated assault where he caused serious bodily injury by shooting the victim with a firearm. Nonetheless, he will now be treated differently than other juveniles who acted exactly the same way but were convicted under a narrower statute. But, as stated before, in light of precedent, we conclude we must apply the categorical approach, even if it leads to such an unfortunate outcome.

resentencing, it makes sense to address this issue since it will arise again at the new hearing. A defendant convicted for being a felon in possession receives a base offense level of 24 if he committed the offense "subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 2K2.1(a)(2). Flores argues his prior adult Texas convictions should not have counted separately. We review the district court's application of the Sentencing Guidelines de novo and its factual findings for clear error. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Flores argues his convictions should be consolidated because he was sentenced on the same day, February 12, 2003, for both aggravated robbery and aggravated assault causing bodily injury (Cause No. 02-CR-2120-D), and aggravated assault with a deadly weapon (Cause No. 02-CR-3450-D). The Sentencing Guidelines, however, state that prior "sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense)." U.S.S.G. §4A1.2(a)(2). Here, Flores was arrested on June 17, 2002, in Cause No. 02-CR-2120, for robbing and assaulting a male victim on May 6, 2002. Flores was then arrested again on October 2, 2002, in Cause No. 02-CR-3450-D, for the aggravated assault of his girlfriend on July 14, 2002. Flores did not provide any evidence to rebut this information, which was provided in the PSR. Therefore, the district court did not err in counting the convictions separately and calculating Flores's base offense level.

The sentence is VACATED, and the case is REMANDED to the district court for a resentencing.