# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-40945
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 25, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ADAM ALFREDO FLORES, also known as Adam Flores,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:17-CR-739-1

Before BARKSDALE, HAYNES, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

Adam Alfredo Flores pleaded guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and was sentenced on remand—*see United States v. Flores*, 922 F.3d 681, 685 (5th Cir. 2019) (vacating sentence because Flores' juvenile aggravated-assault adjudication did not constitute ACCA-predicate offense)—to the statutory-maximum 120 months' imprisonment, *see* 18 U.S.C. § 924(a)(2).  Flores contends that

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

sentence is substantively unreasonable and amounts to cruel and unusual punishment because it is: well above the 70–87 months' imprisonment Sentencing Guidelines sentencing range; and disproportionate to his offense, which involved his possessing a firearm underneath his seat in a vehicle.

Although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

The record shows the court imposed the sentence it found warranted in the light of Flores' extensive criminal history, as well as the need to protect the public, all of which are proper sentencing considerations. 18 U.S.C. § 3553(a); *Gall*, 552 U.S. at 46, 49–50. Additionally, the record does not show the court ignored a factor that should have been given considerable weight, heavily weighted an improper factor, or made "a clear error of judgment in balancing the sentencing factors". *United States v. Chandler*, 732 F.3d 434, 437 (5th Cir. 2013) (citation omitted). Rather, the record and Flores' contentions show he simply disagrees with the court's balancing of the pertinent considerations, which does not constitute error. *See Gall*, 552 U.S. at 51.

Regarding Flores' related cruel-and-unusual-punishment claim, "[t]he Eighth Amendment forbids only extreme sentences that are grossly disproportionate to the crime". *United States v. Farrar*, 876 F.3d 702, 715 (5th

No. 19-40945

Cir. 2017) (internal quotation marks and citation omitted). "Gross disproportionality concerns showing the sentence is completely arbitrary and shocking to the sense of justice." *Id.* (internal quotation marks and citation omitted). Flores has not made this showing. *See id.*

AFFIRMED.